# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    CRIM. NO. 16-20238

    v.                                HON. TERRENCE G. BERG

JOHANN S. THORNS,

    Defendant.

_____/

## ORDER GRANTING, IN PART, GOVERNMENT'S MOTION TO WAIVE THE ATTORNEY-CLIENT PRIVILEGE (DKT. 28)

This matter is before the Court on Defendant's motions to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (Dkts. 24, 29). In his motion, Defendant asserts that his trial counsel was ineffective at sentencing because he allegedly did not move to reduce Defendant's sentence for time-served on a prior offense that purportedly arose out of the same investigation. The Court ordered the Government to file a response to Defendant's motions (Dkt. 27). In response, the Government sought an order finding that Defendant has waived the attorney-client privilege, so that it may interview defense counsel (David

Koelzer, Esq.) as to the specifics of Defendant's arguments and contentions.

Defendant filed a *pro se* response to the Government's motion (Dkt. 31). In his response, Defendant agrees to waive the attorney-client privilege, but only with respect to the sentencing issues raised in his § 2255 motion. Defendant objects to allowing the Government to conduct an in-person interview of defense counsel, and instead requests that defense counsel submit an affidavit to the Government. Defendant's position is reasonable.

Accordingly, the Court finds that Defendant has waived the attorney-client privilege as it relates to the sentencing issues raised in his § 2255 motion. The Government's request to seek information from defense counsel is granted as to this subject matter. The method for obtaining this information shall be that the Government may direct written interrogatory questions concerning the sentencing issues raised in the § 2255 motion to defense counsel within 14 days of the date of this order. Defense counsel shall then have 14 days to respond to the Government's written questions with an affidavit. The Government shall file both the written interrogatory questions and the responsive affidavit

from defense counsel in the docket of this case, and shall cause them to be served on Defendant.

If the Government believes that the information provided in defense counsel's affidavit is somehow insufficient to allow the Government to respond to Defendant's § 2255 motion, then the Government may renew its motion seeking an in-person interview of defense counsel and shall include an explanation of the reasons why the information provided by affidavit is not sufficient.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2017

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 5, 2017, using the CM/ECF system, which will send notification to each party.

s/H. Monda  
Case Manager, in the absence  
of A. Chubb