# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                             CRIM. NO. 16-20238

    v.                                    HON. TERRENCE G. BERG

JOHANN S. THORNS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO
## VACATE SENTENCE UNDER 28 U.S.C. § 2255 (DKTS. 24, 29)

This matter is before the Court on Defendant's motions to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (Dkts. 24, 29). In his motions, Defendant asserts that his counsel was ineffective at sentencing because he allegedly did not move to reduce Defendant's sentence for time-served on a prior offense that purportedly arose out of the same investigation. The Court ordered the Government to file a response to Defendant's motions (Dkt. 27), which the Government did on September 15, 2017 (Dkt. 35). On October 3, 2017, Defendant filed a reply brief

(Dkt. 36). For the reasons set forth below, Defendant's motions are **DENIED**.

## BACKGROUND

On November 27, 2012, law enforcement officers executed a search warrant of Defendant's residence. They located two firearms and Defendant was charged with being a felon in possession of a firearm (*United States v. Thorns*, E.D. Mich. Case No. 12-20802 (Goldsmith, J.), Dkt. 1; Criminal Complaint). Defendant later pleaded guilty before Judge Goldsmith and was sentenced to 63 months' imprisonment on this gun charge (*Id.*, Dkt. 17; Plea Agreement, Dkt. 19: Judgment). At the time, Defendant was under investigation for participating in a series of armed bank robberies.

Three years later, after additional evidence was developed, the Government charged Defendant in 2012 with four counts of armed bank robbery, one count of conspiracy to commit bank robbery, and four counts of brandishing a firearm during and in relation to a crime of violence for a series of bank robberies(Dkt. 1, Criminal Complaint). These are the charges in the present case. Defendant's guideline range, if convicted of all charges after a jury trial, would have been well over 100 years, with

a mandatory minimum of 82 years imprisonment. The parties reached a negotiated pre-indictment resolution. As part of a plea agreement, the Government allowed Defendant to plead guilty to one count of armed bank robbery with force-accompaniment, one count of armed robbery, and one count of brandishing a firearm during and in relation to a crime of violence (Dkt. 11, Information). Under the negotiated agreement, Defendant's sentencing guidelines were 235 to 272 months imprisonment, with a mandatory minimum of 17 years (Dkt. 16, Plea Agreement). The parties also stipulated that any sentence must be at least 252 months (21 years), which was slightly below the mid-point of the guideline range. (*Id.*). The Court accepted the plea agreement, and sentenced Defendant to 252 months of incarceration (Dkt. 23: Judgment).

## ANALYSIS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must

demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456

U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id*.

There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id*. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id*. at 689.

Defendant claims that his counsel was ineffective because he did not move the Court to adjust or reduce his sentence under U.S.S.G. § 5G1.3 for the time that he served on the prior gun charge. Section 5G1.3(b) provides for a sentence adjustment if a prior term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of (a)(1), (a)(2), or (a)(3)

5

of § 1B1.3 (Relevant Conduct). U.S.S.G. § 5G1.3(b) (2016). The court may then adjust the sentence "if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1) (2016). Defendant believes that his counsel was deficient by not arguing for a reduced sentence under § 5G1.3(b) for the time that he spend in federal custody on the felon in possession charge. This argument is not well-taken. Contrary to Defendant's belief, defense counsel explicitly raised this very argument, and his representation of Defendant was highly effective.

First, defense counsel negotiated a plea resolution that substantially reduced Defendant's overall sentence—from what amounted to a life sentence to a term of twenty-one years. Second, the time that Defendant previously spent in federal custody was taken into consideration in the plea agreement reached between the parties, and specifically outlined in the Rule 11 plea agreement. Indeed, the plea agreement explicitly stated that it took "into consideration, and accounts for, the fact that [D]efendant has already served time with the [BOP] for a conviction for felon in possession of a firearm, which resulted from the investigation

into [D]efendant's involvement in charged (and uncharged) bank robberies" (Dkt. 16, Plea Agreement, Pg ID 55). Thus, defense counsel persuasively argued to the Government that the negotiated plea agreement should take into consideration the fact that Defendant was serving time for a tangentially related felon in possession charge—exactly what Defendant now claims that his lawyer should have done.

Furthermore, defense counsel argued at sentencing that the Court should consider the fact that Defendant had spent time in prison for the felon in possession case:

> For what it's worth, I represented Mr. Thorns in the underlying case—the case itself which I think it's very important to note as I have in writing, that it arose—the prior felon in possession which he has nearly done four years, arose out of this investigation. So I think the only fair thing to do, since it's really one and the same, is to take into account when one assesses how much time to give in this case. I think one needs to take into account the time he has already done arising out of this same investigation. Which as I say, I think he's done just over three and a half years, which he equates to a sentence of over four because of good time. So anyways, I just wanted to make that point (Dkt. 33, Sent. Trans., Pg IDs 164-165).

The Court explicitly considered this argument when deciding upon an appropriate sentence:

> I have considered the point that Mr. Koelzer [Defense Counsel] makes about the fact that you've already done about four years on the felon in possession case. And there are arguments that go both

7

ways on how to treat that. In one sense, that punishment was for your possession of those firearms. It was not for the bank robbery. And if you had never been caught for the bank robbery, you would have done that time for the guns. You were not allowed to possess those guns and when you were caught with those guns, they carried that penalty because of your criminal history. And so in that way, it would seem to weigh in favor of not even considering that.

On the other hand, Mr. Wigod [AUSA] points out that you were being investigated because of this bank robbery and in some sort of rough justice way, it does seem that the time that you've spent in jail for that – for the guns, is related to your involvement in the bank robberies. And your – the whole time that you will be in custody will be much greater than otherwise because of the fact that you were convicted of that other offense. And so your overall period of incarceration is going to be considerably more than just the sentence that's imposed today.

And so in some respects, I am considering that in trying to determine what the appropriate sentence should be within that guideline range and I think the fact that you've been in custody for these four years weighs in favor of a sentence that's less than the top of the range here (*Id.* Pg ID 177-178).

The above makes clear that the Court considered imposing a sentence greater than the minimum allowed under the Rule 11 plea agreement (252 months), but chose to impose the lowest sentence possible in light of the fact that Defendant had already served several years on the previous sentence. Moreover, the Court made the sentence on Counts 1 and 2 concurrent with each other and with the undischarged term of imprisonment on case number 12-CR-20802-1. Defendant's motions

8

to vacate his sentence on the basis of ineffective assistance of counsel are not well-taken, and are denied.

## CONCLUSION

For the reasons set forth above, Defendant's motions under §2255 (Dkt. 24, 29) are **DENIED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on May 2, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager