UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHANN S. THORNS**, Petitioner, v. **UNITED STATES OF AMERICA**, Respondent. | 4:16-cr-20238 HON. TERRENCE G. BERG **ORDER DENYING MOTION FOR HABEAS RELIEF** |

Petitioner Johann S. Thorns filed this 28 U.S.C. § 2255 habeas petition seeking correction, modification, or vacatur of his sentence. In 2016, he pled guilty to armed bank robbery, armed bank robbery with forced accompaniment, and brandishing a firearm in relation to a crime of violence. 18 U.S.C. §§ 2113(d), 2113(d)(3), 924(c). He now seeks sentencing relief under the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). That opinion invalidated one of the definitions of the term "crime of violence" contained in 18 U.S.C. § 924(c), known as the "residual clause definition." Petitioner requests that the Court vacate his 84-month sentence for brandishing a firearm in relation to a "crime of violence", which the Court ordered he serve consecutively to his sentence for the other two counts. *See* 18 U.S.C. § 924(c)(1)(A)(ii). But there is another definition for a "crime of violence" in § 924(c) that was not invalidated by the *Davis* case. That definition, called the "elements clause," says that any crime that has as an element

1

"the use or attempted use of force" qualifies as a crime of violence. Because the underlying crime for Petitioner's § 924(c) conviction was aiding and abetting armed bank robbery, and that crime has as an element the use or attempted use of force, Petitioner is not entitled to correction, modification, or vacatur of his sentence under *Davis*.

## BACKGROUND

Petitioner pled guilty to armed bank robbery, 18 U.S.C. § 2113(d), armed bank robbery with forced accompaniment, 18 U.S.C. § 2113(d), (e), and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), a provision of the Armed Career Criminal Act. Consequently, he was sentenced to serve 168 months in prison on the two bank robbery counts, and 84 months on the third count (to be served consecutively). ECF No. 23 (Jul. 11, 2016 Judgment).

The indictment did not charge Petitioner with any separate count for the underlying offense involved in Count Three, the § 924(c)(1) charge for brandishing a firearm in relation to a crime of violence. As explained by the government, Counts One and Two (the two armed bank robbery crimes) were not the predicate offenses for Count Three. ECF No. 39, PageID.298. Rather, the predicate offense for Count Three was aiding and abetting armed bank robbery. ECF No. 39, PageID.298–99.

On January 27, 2020, Petitioner filed a petition for habeas relief arguing that his sentence should be vacated or modified under *Davis*. ECF No. 37. He specifically requests that the Court review his sentence

for brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).

## LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346.

## DISCUSSION

Petitioner pled guilty to violating § 924(c), which prohibits individuals from using or possessing a firearm "during and in relation to any crime of violence" or "in furtherance of any such crime." 18 U.S.C.

3

§924(c). *See* ECF No. 16, PageID.52 (R. 11 Plea Agreement). "[I]f the firearm is brandished," as it was in this case, § 924(c)(1)(A)(ii) provides that the individual will be sentenced to a mandatory minimum prison term of not less than seven years. Because Petitioner pled guilty to brandishing a firearm in relation to aiding and abetting armed robbery—a felony that has as an element the use or attempted use of force—he is not entitled to sentencing relief under the Supreme Court's decision in *Davis*.

Until *Davis*, § 924(c) defined a "crime of violence" in two ways. A crime of violence was (A) any felony that "has as an element the use, attempted use, or threatened use of physical force" (the "elements clause") or (B) any felony that "by its nature, involves a substantial risk that physical force . . . may be used" (the "residual clause"). 18 U.S.C. § 924(c)(3)(A) and (B). *Davis* invalidated the residual clause definition of a "crime of violence." Consequently, if a person brandishes a firearm in connection with a felony considered a crime of violence only under the residual clause, that person could no longer be found to have violated § 924(c) because the residual clause definition has been invalidated. *Davis*, however, did not disturb § 924(c)'s elements clause definition of "crime of violence."

The "crime of violence" underlying Petitioner's § 924(c) conviction—aiding and abetting armed bank robbery—meets the definition of a crime of violence under the elements clause. First, it is well-established that

4

armed bank robbery under 18 U.S.C. § 2113 qualifies as a crime of violence under the elements clause. *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). This is because the use of "force and violence" or "intimidation" are "necessary element[s] of bank robbery" convictions under 18 U.S.C. § 2113. *United States v. Henry*, 722 F. App'x 496 (6th Cir. 2018), *cert denied*, 139 S. Ct. 70 (2018). *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

Second, federal law provides that any individual who "aids, abets, counsels, commands, induces or procures . . . commission" of a federal crime "is punishable as a principal." 18 U.S.C. § 2. Accordingly, Petitioner's argument that the underlying offense is for aiding and abetting armed robbery—rather than principal armed robbery—is a distinction without a difference in this context. *See United States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020) ("There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability indistinct from the substantive crime."). Whether Petitioner was the aider and abettor or a principal to armed bank robbery—a crime of violence under the elements clause—thus makes no difference to whether his § 924(c) conviction should be sustained.

Further, the government need not charge a defendant with the underlying crime of violence in a § 924(c)(1) prosecution. *See United States v. Nelson*, 27 F.3d 199, 201 (6th Cir. 1994); *United States v.*

5

*Ospina*, 18 F.3d 1332, 1335–36 (6th Cir. 1994). Rather, it must only prove beyond a reasonable doubt all the elements of § 924(c)(1), one of which is that the defendant committed the underlying crime. *Nelson*, 27 F.3d at 201. Here, the record confirms the government's assertion that the "crime of violence" underlying Petitioner's § 924(c) conviction was aiding and abetting armed bank robbery, and that Petitioner pled guilty to that underlying offense.

The Information identifies Count Three as "Brandishing a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)(A)) & (18 U.S.C. § 2). ECF No. 11, PageID.38. The text of that Information further describes how Petitioner and others "aided and abetted by each other, knowingly brandished a firearm, during and in relation to a crime of violence . . . that is, armed bank robbery of Citizens Bank." ECF No. 11, PageID.38. Petitioner also acknowledged in his Rule 11 plea agreement that he "aided and abetted in the armed robbery by recruiting the two individuals who robbed the bank, advising them on how to rob the bank, assisting them with transportation to the robbery, and providing firearm(s) to use in the robbery." ECF No. 16, PageID.52. The record thus demonstrates that Petitioner pled guilty to the elements of § 924(c). Because Petitioner pled guilty to a crime of violence that fits within § 924(c)'s elements clause, he is not entitled to relief under *Davis*.

## CONCLUSION

For these reasons, Petitioner Johann S. Thorns's 28 U.S.C. § 2255 petition for sentencing relief is **DENIED.**

Dated: April 13, 2020     s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE